# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT RAY HORSCH, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-1154 |
| | : | |
| JUDGE WILLIAM P. MAHON, *et al.*, | : | |
|    Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J.**    /s/ JLS                                   MARCH 11 , 2020

      Plaintiff Robert Ray Horsch, a convicted inmate currently incarcerated at Chester County Prison, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and a Motion for Leave to Proceed *In Forma Pauperis*. Named as Defendants are Judge William P. Mahon, Diane Clemens, a probation officer, and Ryan Hyde, Esquire. For the following reasons, Horsch will be permitted to proceed *in forma pauperis,* and the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS

      Horsch alleges that Judge Mahon violated the law when he failed to give Horsch credit for time spent at liberty on parole before his parole was revoked based on the petition filed by Defendant Clemens. (ECF No. 3 at 5.)[1] He alleges that Clemens purposefully put him in front of Judge Mahon, who was not the judge originally assigned to his case, to hear the parole violation in an effort to ensure Horsch received a harsh sentence. (*Id*.) He further contends that his defense counsel, Defendant Hyde, "failed to turn the Gag 2 into a hearing after the plea

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

agreement was vacated by the judge."[2] (*Id.* at 6.) Hyde also allegedly never called witnesses and never entered his appearance in the case. (*Id.*) This caused Horsch to forfeit his appeal rights. Horsch also asserts that Judge Mahon failed to provide him with a fair hearing, was "impartial" [sic, should read "not impartial"], and would not allow him to call witnesses or let his attorney speak. (*Id.* at 6-7.) Finally, he contends that Clemens recommended a sentence that was higher than the guidelines. (*Id.* at 7.) He seeks $2 million in damages. (*Id.* at 8.)

A review of publicly available records indicates that Horsch entered a guilty plea on March 16, 2018 to charges of making terroristic threats with intent to terrorize another and criminal attempt – theft by unlawful taking, before Chester County Court of Common Pleas Judge David F. Bortner. *Commonwealth v. Horsch*, CP-15-CR-2502-2017 (C.P. Chester). He was sentenced to a term of nine days to 23 months incarceration, ordered to serve nine days followed by three months electronic home confinement, and was placed on probation for two years. (*Id.*) He was also required to pay a $25 fine and court costs. (*Id.*)

Horsch appeared before Judge Mahon for a violation of parole hearing on September 5, 2019. (*Id.*) His parole was revoked and he was sentenced to a maximum sentence of 22 months, 21 days, i.e., the balance of his unserved 23-month term. (*Id.*) The violation appears related to delinquencies on his payment plan. Following the imposition of sentence, Horsch filed a petition pursuant to the Pennsylvania Post Conviction Relief Act that remains pending.

---

[2] Horsch appears to refer to *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that a probationer whose probation is revoked must be accorded due process; specifically, he "is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision.").

## II. STANDARD OF REVIEW

Because Horsch appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Horsch is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### a. Claims Against Judge Mahon

The claims against Judge Mahon are dismissed with prejudice. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas*

---

[3] Because Horsch is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

*v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Horsch's Complaint clearly asserts that the claims against Judge Mahon arise from the parole violation proceeding over which he presided. While Horsch claims that Judge Mahon was the "wrong judge," in the sense that he was not the jurist that presided over his prior proceedings, there is no suggestion that Judge Mahon was acting in the complete absence of all jurisdiction. Because presiding over a revocation hearing is a function normally performed by a judge, the claim based on the revocation hearing must be dismissed with prejudice under § 1915 because Judge Mahon is absolutely immune from suit.

    **b.**    **Claims Against Attorney Hyde**

The claims against Defendant Hyde are based upon his alleged role as the criminal defense attorney representing Horsch in his state criminal proceedings. Because criminal defense attorneys are not "state actors" under § 1983, the constitutional claims against Hyde must be dismissed with prejudice. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

    **c.**    **Claims Against Probation Officer Clemens**

The claims against Clemens are based upon her (1) taking Horsch before Judge Mahon to ensure Horsch received a harsh sentence for his parole violation, (2) giving reasons for his

violation "that had nothing to do with the stipulations of my parole," and (3) recommending a sentence allegedly higher than the guidelines. (ECF No. 3 at 5.) Because success on the claims against Clemens would call into question the basis for charging Horsch with a violation and the sentence he received for the violation, the claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the United States Supreme Court held that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id* at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, Civ. A. No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012). Because the state court docket reflects that Horsch's violation and the sentence he received for the violation remain valid, his claims that Clemens relying upon an allegedly invalid basis for charging him with a violation and acted to ensure he received a harsh sentence must be dismissed without prejudice. Horsch may reassert the claims only in the event that his violation is invalidated.

## IV. CONCLUSION

For the reasons stated, Horsch's application for leave to proceed *in forma pauperis* will be granted and his Complaint will be dismissed pursuant to § 1915(e)(2)(B). The claims against Judge Mahon and Attorney Hyde will be dismissed with prejudice and with no leave granted to amend since amendment would be futile. The claim against Defendant Clemens will be dismissed without prejudice. An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**