# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT RAY HORSCH,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-1154** |
| : | |
| **JUDGE WILLIAM P. MAHON,** *et al.*, : | |
|     **Defendants.** : | |

## ORDER

AND NOW, this 11th day of March, 2020, upon consideration of Plaintiff Robert Ray Horsch's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 2), and his *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. William Horsch, #63540, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Chester County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Horsch's inmate account; or (b) the average monthly balance in Horsch's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Horsch's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Horsch's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Chester County Prison.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants Judge William P. Mahon and Ryan Hyde, Esquire.

6. The Complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant Diane Clemens pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Horsch may file a new civil action to raise his claims against Defendant Clemens in the event his parole revocation or sentence is invalidated.

7. The Clerk of Court is **DIRECTED** to close this case.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**